Michael A. Faillace
MICHAEL FAILLACE & ASSOCIATES PC.
60 East 42nd Street Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ERICK FRANCISCO ALCOCER CASTRO,
FABINLER HUMBERTO MERIDA (AKA
RANBERTO), GABRIEL TRINIDAD
REYNA, LUDWIN GABRIEL ARREAGA
FUENTES, MARTIN ARISTAY, and
MAURILIO ROQUE *individually and on
behalf of others similarly situated,*

                   *Plaintiffs,*

          -against-

BNP NY FOODS, INC. (d/b/a ESSEN),
AMICI 519 LLC (d/b/a ESSEN), 100 BROAD
STREET LLC (d/b/a ESSEN), TEN
WESTSIDE CORP. (d/b/a ESSEN), JOHN
BYUN, and CHONG WON BYUN

                   *Defendants.*

--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**

**29 U.S.C. § 216(b)**

**ECF Case**

    Erick Francisco Alcocer Castro, Fabinler Humberto Merida (aka Ranberto), Gabriel

Trinidad Reyna, Ludwin Gabriel Arreaga Fuentes, Martin Aristay, and Maurilio Roque

("Plaintiffs"), individually and on behalf of others similarly situated, by and through their

attorneys, MICHAEL FAILLACE & ASSOCIATES, P.C., upon their knowledge and belief, and as

against Defendants BNP NY Foods, Inc. (d/b/a Essen), Amici 519 LLC (d/b/a Essen), 100 Broad

Street LLC (d/b/a Essen), Ten Westside Corp. (d/b/a Essen) ("Defendants Corporations"), John

Byun, and Chong Won Byun ("Individual Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of Defendants.

2.      Defendants own, operate, and/or control four restaurants located at 290 Madison

Avenue, New York, New York 10017 (hereinafter "the Madison Avenue location"), 519 Eighth

Avenue, New York, New York 10018 (hereinafter "the Eighth Avenue location"), 160 Varick

Street, New York, New York 10013 (hereinafter "the Varick Street location"), and 100 Broad

Street, New York, New York 10004 (hereinafter "the Broad Street location").

3.      Plaintiffs were employed as cooks, food preparers, and salad preparers.

4.      Plaintiffs worked for Defendants in excess of 40 hours per week, without

appropriate minimum wage and overtime compensation for the hours that they worked.

5.      Defendants failed to pay Plaintiffs appropriately for any hours worked, either at

the straight rate of pay or for any additional overtime premium.

6.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for

any day in which they worked over 10 hours.

7.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated

employees.

8.       At all times relevant to this complaint, Defendants maintained a policy and

practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per

week without providing the minimum wage and overtime compensation required by federal and

state law and regulations.

9.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.      Plaintiffs seek certification of this action as a collective action on behalf of themselves individually, and of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.      This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

12.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

### *Plaintiff Erick Francisco Alcocer Castro*

13.      Plaintiff Francisco is an adult individual residing in Queens County, New York. He was employed by Defendants from approximately May 2015 until on or about July 2016 and

from approximately September 25, 2016 until on or about January 4, 2017. During the course of

his employment, Plaintiff Francisco worked at all four of Defendants' locations listed above.

*Plaintiff Fabinler Humberto Merida (aka Ranberto)*

14.     Plaintiff Humberto is an adult individual residing in Queens County, New York.

He was employed by Defendants from approximately August 2016 until on or about December

16, 2016. During the course of his employment, Plaintiff Humberto worked at Defendants'

Broad Street and Madison Avenue locations.

*Plaintiff Gabriel Trinidad Reyna*

15.     Plaintiff Trinidad is an adult individual residing in Bronx County, New York. He

was employed by Defendants from approximately February 20, 2013 until on or about January 4,

2017. During the course of his employment, Plaintiff Trinidad worked at the Madison Avenue,

Varick Street, and Eighth Avenue locations.

*Plaintiff Ludwin Gabriel Arreaga Fuentes*

16.     Plaintiff Gabriel is an adult individual residing in Bronx County, New York. He

was employed by Defendants from approximately June 2015 until on or about January 6, 2017.

During the course of his employment, Plaintiff Gabriel worked at Defendants' Madison Avenue

and Eighth Avenue locations.

*Plaintiff Martin Aristay*

17.     Plaintiff Aristay is an adult individual residing in Kings County, New York. He

was employed by Defendants from approximately June 2016 until on or about January 4, 2017.

During the course of his employment, Plaintiff Aristay worked at the Madison Avenue and

Eighth Avenue locations.

*Plaintiff Maurilio Roque*

18. Plaintiff Roque is an adult individual residing in Queens County, New York. He was employed by Defendants from approximately April 2015 until on or about January 4, 2017. During the course of his employment, Plaintiff Roque worked at the Madison Avenue location.

*Defendants*

19. At all times relevant to this complaint, Defendants owned, operated, and/or controlled four restaurants located at 290 Madison Avenue, New York, New York 10017, 519 Eighth Avenue, New York, New York 10018, 160 Varick Street, New York, New York 10013, and at 100 Broad Street, New York, New York 10004.

20. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

21. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

22. Upon information and belief, BNP NY Foods, Inc. (defendant corporation), is a corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 290 Madison Avenue, New York, New York 10017.

23. Upon information and belief, Amici 519 LLC (defendant corporation), is a corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 519 Eighth Avenue, New York, New York 10018.

5

24.     Upon information and belief, 100 Broad Street LLC (defendant corporation), is a corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 100 Broad Street, New York, New York 10004.

25.     Upon information and belief, Ten Westside Corp. (defendant corporation), is a corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 160 Varick Street, New York, New York 10013.

### *Defendant John Byun*

26.     Defendant John Byun is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

27.     Defendant John Byun is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

28.     Upon information and belief, Defendant John Byun possesses or possessed operational control over each of Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

29.     Defendant John Byun determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

### *Defendant Chong Won Byun*

30.     Defendant Chong Won Byun is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

31.     Defendant Chong Won Byun is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

32.     Upon information and belief, Defendant Chong Won Byun possesses or possessed operational control over each of Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

33.     Defendant Chong Won Byun determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

34.     Defendants operate four restaurants in the Midtown East, Hell's Kitchen, and Financial District sections of New York City.

35.     Upon information and belief, individual Defendants John Byun and Chong Won Byun, possess or possessed operational control over the Defendant Corporations, possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

36.     Defendants are associated and joint employers, act or acted in the interest of each other with respect to employees, pay or paid employees by the same method and share or shared control over the employees.

37.     Individual Defendants possess or possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

38.     Individual Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

39.     In the alternative, the Defendants constitute a single employer of Plaintiffs and similarly situated individuals.

40.     Upon information and belief, individual Defendants John Byun and Chong Won Byun, operate or operated Defendant Corporations as either alter egos of themselves, and/or fail or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by, among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

   b)  defectively forming or maintaining Defendant Corporations, by among other things, failing to hold annual meetings or to maintain appropriate corporate records;

   c)  transferring assets and debts freely as between all Defendants;

   d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders;

e)  operating Defendant Corporations for their own benefit and maintaining

control over these corporations as closed corporations or closely held or

controlled entities;

f)  intermingling assets and debts of their own with those of Defendant

Corporations;

g)  diminishing and/or transferring assets to protect their own interests;

h)  other actions evincing a failure to adhere to the corporate form.

41.    At all relevant times, Defendants were Plaintiffs' employers within the meaning

of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiffs, control the terms

and conditions of employment, and determine the rate and method of compensation in exchange

for their services.

42.    In each year from 2011 to 2017, Defendants, both separately and jointly, had a

gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail

level that are separately stated).

43.    In addition, upon information and belief, Defendants and/or their enterprise were

directly engaged in interstate commerce. For example, numerous items that were used and sold

daily at Defendant Corporations, such as beverages and food, were produced outside the state of

New York.

*Individual Plaintiffs*

44.    Plaintiffs are former employees of Defendants and were employed as cooks, food

preparers, and salad preparers.

45.    They seek to represent a class of similarly situated individuals under 29 U.S.C.

216(b).

*Plaintiff Erick Francisco Alcocer Castro*

46.     Plaintiff Francisco was employed by Defendants from approximately May 2015 until on or about July 2016 and from approximately September 25, 2016 until on or about January 4, 2017.

47.     During the course of his employment, Plaintiff Francisco worked at all four of Defendants' locations.

48.     Plaintiff Francisco was employed by Defendants as a cook and a food preparer.

49.     Plaintiff Francisco regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

50.     Plaintiff Francisco's work duties required neither discretion nor independent judgment.

51.     Plaintiff Francisco regularly worked in excess of 40 hours per week.

52.     From approximately May 2015 until on or about July 2016, Plaintiff Francisco worked at the Madison Avenue and Varick Street locations from approximately 6:00 a.m. until on or about 4:00 p.m. five days a week (typically 50 hours per week).

53.     Specifically, Plaintiff Francisco worked at the Varick Street location for approximately two weeks in July 2016.

54.     From approximately September 25, 2016 until on or about September 30, 2016 Plaintiff Francisco worked at the Broad Street location from approximately 6:00 a.m. until on or about 4:00 p.m. five days a week (typically 50 hours per week).

55.     From approximately October 1, 2016 until on or about October 14, 2016, Plaintiff Francisco worked at the Eighth Avenue location from approximately 6:00 a.m. until on or about 4:00 p.m. to 5:00 p.m. seven days a week (typically 70 to 77 hours per week).

10

56.     From approximately October 15, 2016 until on or about January 4, 2017, Plaintiff Francisco worked at the Eighth Avenue location from approximately 6:00 a.m. until on or about 4:00 p.m. six days a week (typically 60 hours per week).

57.     Throughout his employment with Defendants, Plaintiff Francisco was paid his wages in cash.

58.     From approximately May 2015 until on or about May 2016, Plaintiff Francisco was paid a fixed salary of $100.00 per day.

59.     From approximately May 2016 until on or about June 2016, Plaintiff Francisco was paid a fixed salary of $110.00 per day.

60.     From approximately June 2016 until on or about July 2016, Plaintiff Francisco was paid a fixed salary of $100.00 per day.

61.     From approximately September 25, 2016 until on or about January 4, 2017, Plaintiff Francisco was paid a fixed salary of $120.00 per day.

62.     Defendants required Plaintiff Francisco to sign a document the contents of which he was not allowed to read in order to get paid each week.

63.     Similarly, defendants refused to pay Plaintiff Francisco for his last three days of work because he would not sign a document that falsely stated they had paid him properly for all the overtime hours he had worked throughout his employment with defendants.

64.     Plaintiff Francisco's pay did not vary even when he was required to work a longer day than his usual schedule.

65.     For example, Defendants required Plaintiff Francisco to work one hour past his scheduled departure time on a regular basis and they never paid him any compensation for the additional time he worked.

66.     Defendants never provided Plaintiff Francisco with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

67.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Francisco regarding overtime and wages under the FLSA and NYLL.

68.     Defendants never provided any notice to Plaintiff Francisco, in English and in Spanish (Plaintiff Francisco's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

69.     Defendants required Plaintiff Francisco to purchase "tools of the trade" with his own funds—including four pairs of pants, three pairs of shoes, and three hats.

*Plaintiff Fabinler Humberto Merida (aka Ranberto)*

70.     Plaintiff Humberto was employed by Defendants from approximately August 2016 until on or about December 16, 2016.

71.     During the course of his employment, Plaintiff Humberto worked at Defendants' Broad Street and Madison Avenue locations.

72.     Plaintiff Humberto was employed by Defendants as a salad preparer.

73.     Plaintiff Humberto regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

74.     Plaintiff Humberto's work duties required neither discretion nor independent judgment.

75.     Plaintiff Humberto regularly worked in excess of 40 hours per week.

76.     From approximately August 2016 until on or about November 2, 2016, Plaintiff Humberto worked at the Broad Street and Madison Avenue locations from approximately 6:00 a.m. until on or about 4:00 p.m. Mondays through Saturdays (typically 60 hours per week).

77.     From approximately November 3, 2016 until on or about December 16, 2016, Plaintiff Humberto worked at the Madison Avenue location from approximately 6:00 a.m. until on or about 4:00 p.m. Mondays through Fridays (typically 50 hours per week).

78.     Throughout his employment with Defendants, Plaintiff Humberto was paid his wages in cash.

79.     From approximately August 2016 until on or about November 2, 2016, Plaintiff Humberto was paid a fixed salary of $600.00 per week.

80.      From approximately November 3, 2016 until on or about December 16, 2016, Plaintiff Humberto was paid a fixed salary of $500.00 per week.

81.     Defendants required Plaintiff Humberto to sign a document the contents of which he was not allowed to read in order to get paid each week.

82.     Defendants never provided Plaintiff Humberto with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

83.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Humberto regarding overtime and wages under the FLSA and NYLL.

84.     Defendants never provided any notice to Plaintiff Humberto, in English and in Spanish (Plaintiff Humberto's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

85.     Defendants required Plaintiff Humberto to purchase "tools of the trade" with his own funds—including four pairs of kitchen shoes.

*Plaintiff Gabriel Trinidad Reyna*

86.     Plaintiff Trinidad was employed by Defendants from approximately February 20, 2013 until on or about January 4, 2017.

13

87.     During the course of his employment, Plaintiff Trinidad worked at the Madison Avenue, Varick Street, and Eighth Avenue locations.

88.     Plaintiff Trinidad was employed by Defendants as a cook.

89.     Plaintiff Trinidad regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

90.     Plaintiff Trinidad's work duties required neither discretion nor independent judgment.

91.     Plaintiff Trinidad regularly worked in excess of 40 hours per week.

92.     From approximately February 20, 2013 until on or about April 2013, Plaintiff Trinidad worked at the Madison Avenue location from approximately 6:00 a.m. until on or about 4:00 p.m. Mondays through Saturdays (typically 60 hours per week).

93.     From approximately April 2013 until on or about May 2013, Plaintiff Trinidad worked at the Varick Street location from approximately 5:00 a.m. until on or about 6:00 p.m. Mondays through Saturdays (typically 78 hours per week).

94.     From approximately June 2013 until on or about October 2016, Plaintiff Trinidad worked at the Madison Avenue location from approximately 6:00 a.m. until on or about 4:00 p.m. Mondays through Saturdays (typically 60 hours per week).

95.     From approximately October 2016 until on or about January 2017, Plaintiff Trinidad worked from approximately 6:00 a.m. until on or about 4:00 p.m. Mondays through Fridays and from approximately 6:00 a.m. until on or about 2:00 p.m. Saturdays (typically 48 hours per week).

96.     Throughout his entire employment, Plaintiff Trinidad was paid his wages in cash.

97.     From approximately February 20, 2013 until on or about April 2013, Plaintiff

14

Trinidad was paid a fixed salary of $520.00 per week.

98.     From approximately April 2013 until on or about May 2014, Plaintiff Trinidad was paid a fixed salary of $550.00 per week.

99.     From approximately June 2014 until on or about May 2015, Plaintiff Trinidad was paid a fixed salary of $580.00 per week.

100.    From approximately June 2015 until on or about December 2015, Plaintiff Trinidad was paid a fixed salary of $620.00 per week.

101.    From approximately January 2016 until on or about October 2016, Plaintiff Trinidad was paid a fixed salary of $750 per week.

102.    From approximately November 2016 until on or about January 2017, Plaintiff Trinidad was paid a fixed salary of $875.00 per week.

103.    Defendants required Plaintiff Trinidad to sign a document the contents of which he was not allowed to read in order to get paid each week.

104.    Similarly, defendants refused to pay Plaintiff Trinidad for his last two days of work because he would not sign a document that falsely stated they had paid him properly for all the overtime hours he had worked throughout his employment with defendants.

105.    Plaintiff Trinidad's pay did not vary even when he was required to work a longer day than his usual schedule.

106.    For example, Defendants required Plaintiff Trinidad to work 1 hour past his scheduled departure time on a regular basis and they never paid him any compensation for the additional time he worked.

107.    Defendants never granted Plaintiff Trinidad a meal break or rest period of any kind.

15

108.     Defendants never provided Plaintiff Trinidad with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

109.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Trinidad regarding overtime and wages under the FLSA and NYLL.

110.     Defendants never provided any notice to Plaintiff Trinidad, in English and in Spanish (Plaintiff Trinidad's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

111.     Defendants required Plaintiff Trinidad to purchase "tools of the trade" with his own funds—including shoes, pants, knives, and a hat.

*Plaintiff Ludwin Gabriel Arreaga Fuentes*

112.     Plaintiff Gabriel was employed by Defendants from approximately June 2015 until on or about January 4, 2017.

113.     During the course of his employment, Plaintiff Gabriel worked at Defendants' Madison Avenue and Eighth Avenue locations.

114.      Plaintiff Gabriel was employed by Defendants as a food preparer.

115.     Plaintiff Gabriel regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

116.     Plaintiff Gabriel's work duties required neither discretion nor independent judgment.

117.     Plaintiff Gabriel regularly worked in excess of 40 hours per week.

118.     From approximately June 2015 until on or about August 2016, Plaintiff Gabriel worked at the Madison Avenue location from approximately 6:00 a.m. until on or about 4:00 p.m. to 4:15 p.m. five days a week (typically 50 to 51.25 hours per week).

119.    From approximately August 2016 until on or about January 4, 2017, Plaintiff Gabriel worked at the Eighth Avenue location from approximately 6:00 p.m. until on or about 4:00 p.m. to 4:15 p.m. six days a week (typically 60 to 61.5 hours per week).

120.    Throughout his employment with Defendants, Plaintiff Gabriel was paid his wages in cash.

121.    From approximately June 2015 until on or about August 2015, Plaintiff Gabriel was paid a fixed salary of $90.00 per day.

122.    From approximately August 2015 until on or about October 2015, Plaintiff Gabriel was paid a fixed salary of $95.00 per day.

123.    From approximately October 2015 until on or about August 2016, Plaintiff Gabriel was paid a fixed salary of $100.00 per day.

124.    From approximately August 2016 until on or about January 4, 2017, Plaintiff Gabriel was paid a fixed salary of $104.00 per day.

125.    Defendants required Plaintiff Gabriel to sign a document the contents of which he was not allowed to read in order to get paid each week.

126.    Similarly, defendants refused to pay Plaintiff Gabriel for his last three days of work because he would not sign a document that falsely stated they had paid him properly for all the overtime hours he had worked throughout his employment with defendants.

127.    Defendants never granted Plaintiff Gabriel with a meal break or rest period of any kind.

128.    Defendants never provided Plaintiff Gabriel with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

129.    No notification, either in the form of posted notices, or other means, was given to

Plaintiff Gabriel regarding overtime and wages under the FLSA and NYLL.

130.    Defendants never provided any notice to Plaintiff Gabriel, in English and in Spanish (Plaintiff Gabriel's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

131.    Defendants required Plaintiff Gabriel to purchase "tools of the trade" with his own funds—including twelve shirts.

*Plaintiff Martin Aristay*

132.    Plaintiff Aristay was employed by Defendants from approximately June 2016 until on or about January 4, 2017.

133.    During the course of his employment, Plaintiff Aristay worked at the Madison Avenue and Eighth Avenue locations.

134.    Plaintiff Aristay was employed by Defendants as a food preparer.

135.    Plaintiff Aristay regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

136.    Plaintiff Aristay's work duties required neither discretion nor independent judgment.

137.    Plaintiff Aristay regularly worked in excess of 40 hours per week.

138.    From approximately June 2016 until on or about November 2016, Plaintiff Aristay worked at the Madison Avenue location from approximately 6:00 a.m. until on or about 4:00 p.m. five days a week (typically 50 hours per week).

139.    From approximately November 2016 until on or about January 4, 2017, Plaintiff Aristay worked at the Eighth Avenue location from approximately 6:00 a.m. until on or about 4:00 p.m. six days a week (typically 60 hours per week).

140.     Throughout his employment with Defendants, Plaintiff Aristay was paid his wages in cash.

141.     Throughout his entire employment, Defendants paid Plaintiff Aristay $10.00 per hour.

142.     Defendants required Plaintiff Aristay to sign a document the contents of which he was not allowed to read in order to get paid each week.

143.     Similarly, defendants required Plaintiff Aristay to sign a document the contents of which he did not understand in order to receive his final pay.

144.     Defendants never provided Plaintiff Aristay with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

145.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Aristay regarding overtime and wages under the FLSA and NYLL.

146.     Defendants never provided any notice to Plaintiff Aristay, in English and in Spanish (Plaintiff Aristay's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

147.     Defendants required Plaintiff Aristay to purchase "tools of the trade" with his own funds—including pants, a pair of shoes, and knives.

*Plaintiff Maurilio Roque*

148.     Plaintiff Roque was employed by Defendants from approximately June 2016 until on or about January 4, 2017.

149.     During the course of his employment, Plaintiff Roque worked at the Madison Avenue location.

150.     Plaintiff Roque was employed by Defendants as a cook.

19

151. Plaintiff Roque regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

152. Plaintiff Roque's work duties required neither discretion nor independent judgment.

153. Plaintiff Roque regularly worked in excess of 40 hours per week.

154. From approximately April 2015 until on or about September 2016, Plaintiff Roque worked at the Madison Avenue location from approximately 6:00 a.m. until on or about 4:00 p.m. five days a week (typically 50 hours per week).

155. From approximately September 2016 until on or about January 4, 2016, Plaintiff Roque worked at the Madison avenue location from approximately 6:00 a.m. until on or about 4:00 p.m. Mondays through Fridays and from approximately 7:00 a.m. until on or about 2:00 p.m. Sundays (typically 59 hours per week).

156. Throughout his employment with Defendants, Plaintiff Roque was paid his wages in cash.

157. From approximately April 2015 until on or about September 2016, Defendants paid Plaintiff Roque a fixed weekly salary of $500.00 per week.

158. From approximately October 2016 until on or about January 4, 2017, Defendants paid Plaintiff Roque a fixed weekly salary of $780.00 per week.

159. Defendants required Plaintiff Roque to sign a document the contents of which he was not allowed to read in order to get paid each week.

160. Similarly, defendants required Plaintiff Roque to sign a document the contents of which he did not understand in order to receive his final pay.

161. Defendants never provided Plaintiff Roque with an accurate statement of wages

with each payment of wages, as required by NYLL 195(3).

162. No notification, either in the form of posted notices, or other means, was given to Plaintiff Roque regarding overtime and wages under the FLSA and NYLL.

163. Defendants never provided any notice to Plaintiff Roque, in English and in Spanish (Plaintiff Roque's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

164. Defendants required Plaintiff Roque to purchase "tools of the trade" with his own funds—including three pairs of kitchen shoes.

*Defendants' General Employment Practices*

165. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

166. Defendants' pay practices resulted in Plaintiffs and similarly situated individuals not receiving payment for all hours worked, resulting in their effective rate of pay falling below the required minimum and overtime wage rate.

167. Plaintiffs and similarly situated individuals were victims of Defendants' common policy and practices violating rights under the FLSA and NYLL by *inter alia* not paying the minimum wage and overtime owed for the hours worked.

168. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

169. Defendants failed to post at the workplace, or otherwise provide to employees, the

required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

170.     Defendants paid Plaintiffs all of their wages in cash.

171.     Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in order to get paid each week.

172.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) for overtime due and 3) for spread of hours pay.

173.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

174.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the

22

employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

175.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

176.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime.

177.    The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

178.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

179.    Defendants failed to pay Plaintiffs and the FLSA class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

180.    Defendants' failure to pay Plaintiffs and the FLSA class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

23

181.     Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
**(Violation of the Overtime Provisions of the FLSA)**

182.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

183.     Defendants failed to pay Plaintiffs and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

184.     Defendants' failure to pay Plaintiffs and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

185.     Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**(Violation of the New York Minimum Wage Act)**

186.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

187.     Defendants paid Plaintiffs less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

188.     Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

189.     Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
**(Violation of the Overtime Provisions of the New York Labor Law)**

190.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

191.     Defendants failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in

24

violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

192.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

193.     Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
**(Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)**

194.      Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

195.     Defendants failed to pay Plaintiffs  one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

196.     Defendants' failure to pay Plaintiffs  an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

197.     Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
**(VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)**

198.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

199.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

200.      Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK**
**LABOR LAW)**

201.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

202.     Defendants never provided Plaintiffs with wage statements upon each payment of

wages, as required by NYLL 195(3).

203.     Defendants are liable to each Plaintiff in the amount of $5,000, together with

costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

204.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

205.     Defendants required Plaintiffs to pay, without reimbursement, the costs and

expenses for purchasing and maintaining equipment and "tools of the trade" required to perform

their jobs, such as bicycles, further reducing their wages in violation of the FLSA and NYLL.  29

U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

206.     Plaintiffs were damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against

Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of

notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the

pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(d)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

(e)      Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)      Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

(h)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

(i)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor;

(j)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

(k)      Awarding Plaintiffs damages for the amount of unpaid minimum and overtime

27

wages, spread of hours pay under the NYLL, and damages for any improper deductions or credits taken against wages,

(l)        Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of wages due pursuant to NYLL §§ 663 and 198-d;

(m)        Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(n)        Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(o)        Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)        All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
        January 11, 2016

By:        /s/ Michael Faillace_____
                Michael Faillace
MICHAEL FAILLACE & ASSOCIATES, P.C.
                60 East 42nd Street, Suite 2540
                New York NY 10165
                Telephone: (212) 317-1200
                Facsimile: (212) 317-1620
                *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

January 4, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Erick Francisco Alcocer Castro

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     04 de enero de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 15, 2016

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Fabinler  Humberto Merida

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                              15 de diciembre de 2016

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 15, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                              **Gabriel Trinidad Reyna**

Legal Representative / Abogado:       Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                                      15 de diciembre de 2016

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

December 15, 2016

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:                         Ludwin Gabriel Arreaga Fuentes

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          15 de diciembre de 2016

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

December 15, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Maurilio Roque

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                Maurilio Roque

Date / Fecha:                     15 de diciembre de 2016

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 4, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Martin Aristay

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      04 de enero de 2017

*Certified as a minority-owned business in the State of New York*