UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ERICK FRANCISCO ALCOCER CASTRO, et al.,

                    Plaintiffs,

        -against-

BNP NY FOODS, INC., et al.,

                    Defendants.
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _04/23/2018_____

**OPINION & ORDER**
**17-CV-0242 (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Martin Aristay ("Plaintiff"), together with the other named plaintiffs in this case, commenced this action on January 12, 2017. Plaintiff was represented by the law firm of Michael Faillace & Associates, P.C.

On March 15, 2018, Plaintiff's counsel filed a letter with the Court indicating that it anticipated moving to withdraw as counsel for Plaintiff. (Doc. No. 72.) Plaintiff's counsel represented in its letter that Plaintiff had failed to participate in this action and had failed to respond to discovery requests. (Id.)

On March 19, 2018, this Court issued an Order directing Plaintiff to file a letter by April 2, 2018 either (1) objecting to his counsel's request to withdraw and stating that he will participate in this action as required or (2) indicating that he wishes to proceed *pro se* or with alternate counsel. (Doc. No. 73.) The Court noted that any failure to comply with its directives might result in Plaintiff's dismissal from this action for failure to prosecute. (*Id.*) The Court further directed Plaintiff's counsel to serve a copy of its Order on Plaintiff and to file proof of service with the Court. (*Id.*)

Plaintiff's counsel filed proof of service (Doc. No. 74), and Plaintiff failed to file any letter by April 2, 2018. Accordingly, on April 8, 2018, the Court granted Plaintiff's counsel's request to withdraw as attorneys for Plaintiff. (Doc. No. 75.) The Court further directed Plaintiff to appear in this action, either *pro se* or with new counsel, by April 20, 2018, and stated that a failure by Plaintiff to appear by such date would result in the dismissal of Plaintiff's case without prejudice for failure to prosecute. (*Id.*) Finally, the Court directed Plaintiff's former counsel to serve a copy of its Order on Plaintiff and to file proof of service with the Court. (*Id.*) Plaintiff's former counsel filed proof of service (Doc. No. 76), and Plaintiff failed to appear in this action by April 20, 2018.

Under Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (explaining that a district court has the authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute). Before dismissing a case pursuant to Rule 41(b), the Court considers five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste*, 768 F.3d at 216. No single factor is generally dispositive. *Id.*

Here, dismissal of Plaintiff's case is appropriate. Plaintiff failed to comply with the Court's Orders requiring him to inform the Court as to how he intended to proceed with the case. The first of these Orders put Plaintiff on notice that he *might* be dismissed from this action for failure to prosecute if he did not comply, and the second put Plaintiff on notice that he *would* be dismissed from this action for failure to prosecute if he did not comply. Plaintiff's former counsel mailed these Orders to Plaintiff's last known address, each with a letter advising Plaintiff of the Order and including a translation of the same in Spanish (Plaintiff's first language). Moreover, Plaintiff's former attorneys represent that they have been unable to contact Plaintiff since "[i]n or around June 2017." (Doc. No. 72.) Because this action is ripe for trial – absent a settlement of this matter through the parties' pending mediation or otherwise – any further delay in the proceedings would prejudice Defendants. Dismissal of Plaintiff's case without prejudice serves to balance the court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard.

For the foregoing reasons, it is ORDERED that Plaintiff Martin Aristay be dismissed from this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. Plaintiff's former counsel shall serve a copy of this Order on Plaintiff and file a letter with this Court on ECF demonstrating proof of service to Plaintiff's last known address.

**SO ORDERED.**

Dated: April 23, 2018
     New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge